JOHN LEVER, RECEIVER, v. JOSEPH BAILEY, JR.

1. A declaration setting up the appointment of the plaintiff as receiver of the property of the defendant without showing the recovery of a judgment and the return of an unsatisfied execution, is fatally defective.

On demurrer.

The statement of the declaration is in these words : " The said plaintiff was appointed by John G. Trusdell, Esquire, judge of the First District Court of the city of Newark, receiver of the property and things in action belonging to, due to or held in trust for Charles H. Firth and Joseph Bailey, Jr., upon proceedings in aid of discovery taken pursuant to the statute in such cases made and provided."

Argued at June Term, 1893, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, MAGIE and GARRISON.

For the demurrant, *Willard W. Cutler.*

For the plaintiff, *Frank E. Bradner.*

The opinion of the court was delivered by

GARRISON, J.   The declaration in this case is fatally insufficient in that there is in it no manifestation of jurisdiction over the defendant in the court by whom the plaintiff was appointed receiver.   The authority of the judges of the several District Courts to entertain proceedings for discovery in aid of an execution accrues only upon the return of an execution against the defendant unsatisfied; and the only legal foundation for the execution is the recovery of a judgment against him in said court.   *Rev. Sup.*, § 217, *p.* 262.   The statement of these matters of record is essential in setting forth a right of action in the plaintiff, and it is likewise necessary in order that the defendant may intelligently plead, since without such averments he has no means of knowing upon whose judgment the proceeding is predicated or for whom the plaintiff assumes to act in collecting the sum demanded. This defect is so radical that there should, as the case now stands, be no expression of opinion upon the other points raised.

Let judgment, with costs, be entered for the defendant on his demurrer.